# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, INTERNATIONAL UNION LOCAL 22, et al., | }<br>}<br>}<br>} |
| Plaintiffs, | } |
| v. | } Case No. 5:16-CV-00271-MHH |
| TENNESSEE VALLEY AUTHORITY and WILLIAM D. JOHNSON, | }<br>}<br>} |
| Defendants. | } |

## MEMORANDUM OPINION

This case comes before the Court on the motion to dismiss of defendants William D. Johnson and the Tennessee Valley Authority.  (Doc. 8).  The TVA operates nuclear power facilities in Alabama and Tennessee.  (Doc. 1, ¶¶ 4, 9).  Mr. Johnson is the TVA's President and CEO.  (Doc. 1 ¶5).  The plaintiffs are two non-profit labor organizations, United Government Security Officers of America, International Union and United Government Security Officers of America, International Union Local 22.  (Doc. 1, ¶¶1-2).  For clarity, the Court adopts the parties' practice of referring to the labor organizations collectively as "Plaintiffs."

In their complaint, Plaintiffs assert claims against the TVA and Mr. Johnson for breach of contract and promissory fraud.  (Doc. 1).  In their motion to dismiss,

1

the TVA and Mr. Johnson argue that both claims are time-barred, that federal law preempts the promissory fraud claim, and that the claims against Mr. Johnson in his official capacity are duplicative of the claims against TVA. For the reasons stated below, the Court grants in part and denies in part the motion to dismiss.

## STANDARD OF REVIEW

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may grant a Rule 12(b)(6) motion to dismiss when the allegations in a complaint "on their face . . . show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*). When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs are the exclusive bargaining unit representatives for the security officers who work at the TVA's nuclear power facilities. (Doc. 1, ¶ 9). Plaintiffs

and the TVA are parties to a collective bargaining agreement.  (Doc. 1, ¶ 10; Doc. 9-1).

In February 2012, Plaintiffs and the TVA entered into a memorandum of understanding in which the parties "agree[d] to discontinue the current pay structure and progression plan (within-grade rates)" in the collective bargaining agreement "and establish a new, four-classification pay structure." (Doc. 1, ¶ 10; Doc. 1-1, p. 1).  Plaintiffs allege that the MOU provided that "wages for fiscal years 2014 through 2016 would be renegotiated in 2013, and based off of the 'salary and wage data from utilities with comparable nuclear security work in the nuclear regulatory commission's region 2 geographic area.'"  (Doc. 1, ¶11).  The parties agreed that the collected data would "be used as the basis for negotiations of the basic salary rate for the Senior [Nuclear Security Officer] position."  (Doc. 1-1, p. 2).  The parties also agreed that the "new overtime rule and the new classification structure" would be "considered to be modifications to the collective bargaining agreement."  (Doc. 1-1, p. 3).

Plaintiffs allege that in 2013 the TVA violated the MOU when the TVA "failed and/or refused to renegotiate wages to apply the salary and wage data for NRC Region 2, as previously agreed, and forced the Plaintiffs to accept wages for security officer employees that were substantially less [than] the wages for comparable work in NRC Region 2."  (Doc. 1 ¶ 13).  Plaintiffs state that "TVA

3

breached [the MOU] by failing to renegotiate wages for years 2014 through 2016 based on wage data for NRC Region 2."  (Doc. 1 ¶ 16).

## ANALYSIS

### I.  Plaintiffs' Official Capacity Claims Against Mr. Johnson

Mr. Johnson argues that the Court should dismiss the claims against him in his official capacity because those claims are duplicative of Plaintiffs' claims against the TVA.  (Doc. 9, p. 9).  Plaintiffs have agreed to the dismissal of the claims against Mr. Johnson. (Doc. 17, pp. 7-8).  Therefore, the Court will dismiss those claims.

### II.  Promissory Fraud Claim

Plaintiffs have agreed to the dismissal of their promissory fraud claim against the TVA.  (Doc. 17 at 18).  Therefore, the Court will dismiss the promissory fraud claim.

### III.  Breach of Contract Claim

The TVA argues that Plaintiffs' claim concerning renegotiation of wages for security officers is a claim for failure to bargain in good faith rather than a claim for breach of contract.  The former is governed by a six-month statute of limitations.  29 U.S.C. § 160(b); *Ry. Labor Executives' Ass'n v. S. Ry. Co.*, 860 F.2d 1038, 1042 (11th Cir. 1988) ("a refusal to bargain is a classic unfair labor practice" that would generally fall under the 6-month limitations period).

Alabama's six-year statute of limitations governs the latter. *See Int'l Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05 (1966) ("the timeliness of a § 301 suit [for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce] . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations."); ALA. CODE § 6-2-34 (1975) (establishing six-year statute of limitations for breach of contract actions).

Viewed in the light most favorable to Plaintiffs, the allegations in the complaint concern a complete refusal to bargain as required by the MOU rather than a refusal to bargain in good faith. Plaintiffs state that "TVA breached [the MOU] by failing to renegotiate wages for years 2014 through 2016 based on wage data for NRC Region 2." (Doc. 1 ¶ 16). Thus, "on their face," the allegations in the complaint do not "show that an affirmative defense bars recovery on the claim" because the breach of the MOU occurred in 2013, and Plaintiffs filed their complaint in 2016, well within Alabama's six-year statute of limitations for contract actions.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss. The Court dismisses both claims against Mr.

5

Johnson and dismisses the promissory fraud claim against the TVA. Plaintiffs' breach of contract claim against the TVA shall proceed.

**DONE** and **ORDERED** this March 31, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE